IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC M. TURNER,**

    **Petitioner,**

v.                                                                          Case No. 1:13cv155
                                                                           (Judge Keeley)

**DONNA ZICKENFOSE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

The petitioner. Eric Turner, initiated this habeas action pursuant to 28 U.S.C. § 2241on December 7, 2012, in the United States District Court for the Middle District of Pennsylvania. On June 4, 2013, the case was transferred to this Court pursuant to the provisions of 28 U.S.C. § 1404(a). On June 14, 2013, in compliance with a Notice of deficient pleading, the petitioner filed his petition on this Court's approved form. On June 17, 2013, the respondent was directed to show cause why the petition should not be granted. The respondent filed a Motion to Dismiss or for Summary Judgment and Response on July 12, 2013. On July 17, 2013, a Roseboro Notice was issued. On July 29, 2013, the petitioner filed a response. Upon review of the pleadings, the undersigned determined that additional information was needed from the respondent. Therefore, on December 4, 2014, the respondent was directed to file a more complete response, which she did on December 16, 2013. Accordingly, this case, before me for a report and recommendation pursuant to LR PL P § 2, et seq., is ripe for review.[1]

## I. Factual History

---

[1] The petitioner was afforded fourteen (14) days from the date the supplemental response was filed in which to file any reply. To date, he has failed to do so.

Following a jury trial resulting in a conviction, the petitioner was sentenced on April 7, 1998, in the United States District Court for the Northern District of West Virginia to an aggregated term of imprisonment of "Life" plus five (5) years for "Distribution of Crack Cocaine in Furtherance of CCE" in violation of 21 U.S.C. § 841(a)(1); "Continuing Criminal Enterprise" in violation of 21 U.S.C. § 848; "Killing Resulting from a Continuing Criminal Enterprise"" in violation of 21 U.S.C. § 848(e)(1)(A); "Interstate Travel in Aid of Racketeering Enterprise" and "Aid and abets" in violation of 18 U.S.C. 18 U.S.C. § 1952 and § 2; and "Using and carrying a firearm during a crime of violence" and Aid and abets" in violation of 18 U.S.C. § 924(c) and § 2. (Doc. 22-1, pp. 5-6). The petitioner was also ordered to pay a special assessment in the amount of $400.00 and restitution in the amount of $3,059.57.(Doc. 22-1, p. 6).[2]

## II. **The Petition**

The petitioner asserts that the Bureau of Prisons is not a collection agency and does not have the right to take money from him every month by forcing him to sign a contract. It is apparent that the petitioner is referring to payment through the Inmate Financial Responsibility Program ("IFRP"). The petitioner further maintains that he and the respondent agree that since "Sheet 5 Part B" is sealed that this court should be the one to inform the BOP that no special payment plan was set up by this court. The petitioner is referring to the response filed in the Middle District of Pennsylvania wherein counsel asserted that "he had learned from the Clerk of Court of the Northern District of West Virginia that "Sheet 5, Part B," referred to in the petitioner's criminal judgment, is a document "specifically adopted by that district" which remains sealed unless the court grants a motion to unseal. (Doc. 5, p. 3) Accordingly, the respondent asserted that she could not with certainty ascertain

---

[2]The Criminal Case No. Assigned to the petitioner was 3:97-cr-00020-JPB-JES.

what financial information was before and relied on by the sentencing court. (Doc. 5, p. 7) Based on this representation, the case was transferred to this Court. For relief, the petitioner seeks an order from this Court directing the BOP to stop taking his money, place him on FRP exempt status, and return all of his money with interest.

### III. The Response

In response to the petitioner's motion, the respondent in this court asserts that the Judgment and Commitment Order did not delegate the task of establishing a payment schedule to the BOP, and therefore, did not improperly delegate its core judicial function. The respondent further maintains that the petitioner's claim that the BOP is forbidden to encourage payment of criminal monetary penalties through participation in the IFRP is without merit. Finally, the respondent indicates that reimbursement of funds already paid is impossible because the BOP does not keep the funds collected, but rather, delivers the funds to the District Court Clerk as soon as practical. Thus, the respondent seeks the dismissal of the petitioner's § 2241 petition.

### IV. The Reply

In his reply to the Roseboro Notice, the petitioner concedes that his request that the BOP refund the restitution he paid through the IFRP is without merit and withdraws his claim for restitution. However, he continues to maintain that the sentencing court improperly delegated its authority for setting a restitution payment to the BOP because the sentencing court did not set a restitution payment schedule. In pursuing this argument, the petition relies on the holding in U.S. v. Gunning,[3] 401 F.3d 1145 (9th Cir.2005) as well as a number of cases from the Third, Seventh and

---

[3]In United States v. Gunning (Gunning 1) and United States c. Gunning, 401 F.3d 948 (Gunning II), the Ninth Circuit held that, under the MVRA, the scheduling of restitution payments is non-delegable, and that sentencing courts, not the BOP, must set a defendant's

3

Tenth Circuits.

## V. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely

---

restitution schedule.

"conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio *Corp.,* 475 U.S. 574, 587-88 1986).

## VI. Analysis

The IFRP was enacted to assist an inmate "to meet his or her legitimate financial obligations"[4] and applies to "all inmates in federal facilities." 28 C.F.R. § 545.10. "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while the petitioner's failure to comply with the IFRP can have negative consequences on the inmate, see 28 C.F.R. § 545.11(d), compelled participation in the program neither is punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851. Therefore, the IFRP has been "uniformly upheld against constitutional attack." McGhee v. Clark, 166 F. 3d 884, 886 (7th Cir. 1999).

The Fourth Circuit Court of Appeals has held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation

---

[4] Fines are inmate financial obligations. 28 C.F.R. § 545.11(a)(3).

6

officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." The Fourth Circuit determined that the district court had improperly delegated its authority to the BOP and vacated the portion of Miller's sentence regarding the fine and restitution. Moreover, where the "court does not specify the term of payment or allow payments in installments, the restitution is payable immediately." United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995); see also Miller 77 F.3d at 77-78 (noting that 18 U.S.C. § 3572(d) provides that a "person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interests of justice, the court provides for payment on a date certain or in installments")

In this particular case, page six of the Judgment provided that payment of the assessment and restitution was to be made in accordance with the schedule of payments on Sheet 5, Part B. The undersigned notes that the Judgment is on an Administrative Order, and his research has established that the form contains a Sheet 5, Part A (Criminal Monetary Penalties) and a Sheet 5, Part B (Schedule of Payments). Therefore, the Schedule of Payments is not a document specifically adopted by this court. Although Part A of Sheet 5 is a part of the Judgment, Part B is not. An exhaustive search has led the undersigned to the conclusion that Part B is missing from the file, and it appears that the sentencing judge, who is now deceased, may have inadvertently failed to prepare the same.

However, the absence of the Schedule of Payments does not establish, per se, that the sentencing court improperly delegated its authority to the BOP to establish a payment schedule. Instead, it would appear the Court committed a clerical error. Clerical errors exist when the Court intended one thing, but by mere clerical error or oversight did another. United States v. Postell, 412

7

F.App'x 568, 569, 2011 WL 609711 (4th Cir. 2011). For example, a court may commit a clerical error by inadvertently issuing a written judgment that conflicts with the court's oral statements at sentencing. See United States v. McLean, 2012 WL 259322, *2 (D.Md. 2012); see also United States v. Spears, 432 F. App'x 242, 243-44 (4th Cir. 2011); United States v. Ensminger, 193 F.App'x 198, 199 (4th Cir. 2006).

In the instant case, it appears clear that the Court intended to include a schedule of Payments in the Judgment and Commitment Order. More specifically, the Judgment provided that payment of the assessment and restitution was to be made in accordance with the schedule of payments on Sheet 5, Part B. Moreover, in conformity with the recommendation of the Probation Officer, the Sentencing Judge indicated that restitution would be paid in increments of 60% of the [petitioner's] earned income. (Case 3:97-cr-00020-JSB-JSK, Doc. 175, pg. 20). Therefore, the undersigned believes that the absence of a payment schedule, Sheet 5, Form B, is the result of a clerical error and not an intentional decision to delegate the imposition of a payment schedule to the BOP.

Rule 36 of the Federal Rules of Civil Procedure provides as follows:

> After giving any notice it considers appropriate, the Court may at any time correct a clerical error in judgment, or, other part of the record, or correct an error in the record arising from oversight or omission.

F.R.CR.P. 36. In addition, the Rules of Criminal Procedure which set forth the requirements for a defendant's presence at various stage of a criminal prosecution, do not require that a district court ensure a defendant's presence when the court corrects a clerical error in a judgment and commitment order. United States v. Portilo, 363 D.3d 1161, 1165-66 (11th Cir. 2004).

### VII. **Recommendation**

For the foregoing reasons, the petitioner's allegation that the sentencing court improperly

8

delegated its authority to set the amount and timing of his restitution payment to the BOP is without merit. Thus, it is the recommendation of the undersigned that the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. No. 21) be **GRANTED** and the petition be **DISMISSED WITH PREJUDICE.** It is further recommended that the Judgment be corrected to include the original sentencing judge's directive that the petitioner's monetary penalties be repaid pursuant to a schedule of 60% of his earned income.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985): Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

DATED: January 14, 2014.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE