IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC M. TURNER,

        Petitioner,

v.               //    CIVIL ACTION NO. 1:13CV155
                           (Judge Keeley)

DONNA ZICKENFOSE, Warden,

        Respondent.

MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [Dkt. No. 32]

Pending before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge, (dkt. no. 32), concerning the motion to dismiss, or in the alternative, motion for summary judgment, (dkt. no. 21), filed by the respondent, Donna Zickenfose ("Zickenfose"). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's R&R.

**I. PROCEDURAL HISTORY**

On December 7, 2012, the pro se petitioner, Eric Turner ("Turner"), filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, the federal court located in the area of Pennsylvania where he is incarcerated. In his petition, Turner alleges that his sentencing court in the Northern District of West Virginia at Martinsburg improperly delegated authority to set his restitution payment schedule to the Bureau of Prisons ("BOP") by failing to include a payment schedule in his Judgment and Commitment Order

**ORDER ADOPTING REPORT & RECOMMENDATION [DKT. NO. 32]**

("J&C").[1]   Based on these allegations, the district court in

Pennsylvania transferred the case to this Court pursuant to 28

U.S.C. § 1404(a).

After that transfer, Zickenfose filed a motion to dismiss, or

in the alternative, motion for summary judgment, on July 12, 2013.

(Dkt. No. 21). In accordance with LR PL P 2, Magistrate Judge James

E. Seibert undertook an initial screening of the case and, on

July 17, 2013, issued a <u>Roseboro</u> notice to Turner.  Pursuant to

that notice, Turner filed a response in opposition to Zickenfose's

motion on December 4, 2013.  On January 14, 2014, the magistrate

judge issued an R&R, (dkt. no. 213), in which he recommended that

the Court grant Zickenfose's motion based on Turner's failure to

establish that the omission of the restitution payment schedule in

his J&C was the result of an intentional delegation of authority,

rather than a clerical error.

Turner objected to that recommendation on January 31, 2014,

(dkt. no. 35), contending the magistrate judge erred when he

concluded that the omission of the restitution payment schedule

from the J&C was the result of clerical error.  He also argued that

the magistrate judge had misinterpreted the nature of the Inmate

Financial Responsibility Program ("IFRP") in his analysis of the

---

[1]Turner's criminal case number is 3:97-cr-20-JPB-JES.

**ORDER ADOPTING REPORT & RECOMMENDATION [DKT. NO. 32]**

legal issues. Following <u>de</u> <u>novo</u> review, the Court concludes that Turner's objections are without merit.

## II. FACTUAL BACKGROUND

A jury in the United States District Court for the Northern District of West Virginia at Martinsburg[2] convicted Turner of "Distribution of Crack Cocaine in Furtherance of a Continuing Criminal Enterprise" in violation of 21 U.S.C. § 841(a)(1); "Continuing Criminal Enterprise" in violation of 21 U.S.C. § 848; "Killing Resulting from a Continuing Criminal Enterprise" in violation of 21 U.S.C. § 848(e)(1)(A); "Interstate Travel in Aid of Racketeering Enterprise, Aiding and Abetting" in violation of 18 U.S.C. 18 U.S.C. § 1952 and § 2; and "Using and Carrying a Firearm During a Crime of Violence, Aiding and Abetting" in violation of 18 U.S.C. § 924 (c) and § 2. Turner's J&C ordered him to pay a special assessment fee of $400.00 and $3,0956.57 in restitution.

While it is undisputed that Turner's J&C did not contain a restitution payment schedule, the BOP nevertheless has collected restitution payments from Turner pursuant to the IFRP throughout his incarceration. Based on the lack of any payment schedule in the J&C, Turner argues that the sentencing court improperly

---

[2]Turner's criminal case was tried before the late Honorable W. Craig Broadwater.

delegated its authority to set his restitution payment schedule to the BOP.

### III. LEGAL STANDARDS

**A.     Pro Se Pleadings**

Because Turner is acting <u>pro</u> <u>se</u>, the Court must liberally construe his pleadings. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251(1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam); <u>Loe v. Armistead</u>, 582 F.2d 1291 (4th Cir. 1978); <u>Gordon v. Leeke</u>, 574 F.2d 1147 (4th Cir. 1978). Even a <u>pro</u> <u>se</u> complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274 (4th Cir. 1985).

**B.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when a complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond a reasonable doubt that the plaintiff cannot prove any set of facts to support his allegations.

**ORDER ADOPTING REPORT & RECOMMENDATION [DKT. NO. 32]**

<u>Revene v. Charles County Comm'rs</u>, 882 F.2d 870 (4th Cir. 1989). Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6).

In order to survive a motion to dismiss, a plaintiff must state a plausible claim for relief that is based on appropriate legal authority and includes more than conclusory or speculative factual allegations. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. <u>Id</u>.

**C. <u>Motion for Summary Judgment</u>**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any

**ORDER ADOPTING REPORT & RECOMMENDATION [DKT. NO. 32]**

genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

The Supreme Court of the United States noted in <u>Anderson v. Liberty Lobby</u>, Inc., 477 U.S. 242, 256 (1986), that "Rule 56(c) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id</u>. at 250. Further, it is well-established that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 487-88 (1986).

## IV. ANALYSIS

### A. Omission of the Restitution Payment Schedule

Turner  contends that it is impossible to determine the intentions of the sentencing judge who omitted the restitution payment schedule because he is deceased.  After carefully reviewing the relevant documents in this case, however, it is clear to this

Court that the omission challenged by Turner resulted from clerical error, not any intentional act of the sentencing judge. First, page six of the J&C indicates that Turner was to pay his special assessment fees and restitution in accordance with the schedule of payments on Sheet 5, Part B.  Although Sheet 5 includes a Part A (List of Criminal Monetary Penalties), it does not include a Part B (Schedule of Payments). Second, the sentencing court specifically stated that Turner was to pay restitution in increments of 60% of his earned income, indicating its intention to include a restitution payment schedule in the J&C.  Thus, the omission of a payment schedule was a result of clerical error, not any intentional decision to delegate imposition of a restitution payment schedule to the BOP.

Furthermore, Rule 36 of the Federal Rules of Civil Procedure provides that, at any time, a court may "correct a clerical error in judgment, or other part of the record, or correct an error in the record arising from oversight or omission."  A defendant need not be present when a court corrects a clerical error in a J&C. United States v. Portilo, 363 D.3d 1161, 1165-66 (11th Cir. 2004). Thus, this Court may correct Turner's J&C to include a restitution payment schedule.

## B. <u>Constitutionality of the IFRP</u>

Turner also argues that the magistrate judge misinterpreted the nature of the IFRP, and improperly concluded that the program is constitutional. This argument has been raised many times in past cases and ignores the fact that the IFRP has been "uniformly upheld against constitutional attack." <u>McGhee v. Clark</u>, 166 F.3d 884-86 (7th Cir. 1999).

The IFRP was enacted to assist inmates in paying their fines and satisfying their financial obligations. 28 C.F.R. § 545.10 (2007). "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." <u>Johnpoll v. Thornburgh</u>, 898 F. 2d 849, 851 (2d Cir. 1990). Furthermore, compelled participation in the program is neither punitive in nature, nor in violation of due process, because it is reasonably related to the legitimate government objective of rehabilitation. <u>Johnpoll</u>, 898 F. 3d at 851. Thus, the magistrate judge's conclusion that the IFRP does not violate Turner's constitutional rights is not erroneous.

### V. CONCLUSION

For the reasons discussed, the Court:

## ORDER ADOPTING REPORT & RECOMMENDATION [DKT. NO. 32]

1.   **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 32);

2.   **GRANTS** Zickenfose's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (dkt. no. 21);

3.   **MODIFIES** Turner's Judgment and Commitment Order to include the sentencing judge's directive that the petitioner's monetary penalties be repaid pursuant to a schedule of 60% of his earned income; and

4.   **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

It is so **ORDERED**.

If Turner should desire to appeal the decision of this Court, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: March 4, 2014.

                                   /s/ Irene M. Keeley
                                   IRENE M. KEELEY
                                   UNITED STATES DISTRICT JUDGE